Kevin **BISHOP**, Plaintiff—Appellant,

v.

**CITY OF HENDERSON; et al.,**
Defendants—Appellees.

No. 03–15960.

D.C. No. CV–97–00876–PMP/RJJ.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 14, 2003.

Kevin Bishop, Las Vegas, NV, pro se.

Ronald Sailon, Office of the City Attorney, Henderson, NV, for Defendants–Appellees.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In the City's prior appeal in this case, No. 01–16907, this court remanded, holding that

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM**

Kevin Bishop appeals pro se the district court's order on remand imposing $100 in sanctions pursuant to Fed.R.Civ.P. 11 in Bishop's 42 U.S.C. § 1983 action against the City of Henderson, Nevada, and City officials (collectively "the City.")

Bishop's challenge to the propriety of sanctions is foreclosed by the law of the case because this court already determined that an award of sanctions was proper.[1] *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.),* 77 F.3d 278, 281 (9th Cir.1996) ("The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case.")

To the extent Bishop challenges the amount of sanctions awarded, the district court did not abuse its discretion in awarding $100. *See G.C. & K.B. Inv., Inc. v. Wilson,* 326 F.3d 1096, 1109 (district court's Rule 11 determination reviewed for abuse of discretion).

The City's motion for sanctions in the amount of $1,000 is granted pursuant to Fed. R.App. P. 38 because this appeal is frivolous.

**AFFIRMED.**

the district court should have awarded Rule 11 sanctions because "Bishop's behavior subsequent to [a prior] remand, including continued personal attacks upon counsel, continued threats of future litigation, and the unnecessary filing of frivolous motions, warrants punishing Bishop for violating Rule 11."